LEAVERS ET AL., APPELLANTS, *v.* CITY OF CANTON ET AL., APPELLEES.

[Cite as Leavers v. City of Canton, 1 Ohio St. 2d 33.]

(No. 38624—Decided December 29, 1964.)

*Mr. Paul M. Perkins,* for appellants.

*Mr. Harold E. DeHoff,* city solicitor, *Mr. James R. Brandon* and *Mr. John E. Miller,* for appellees.

O'NEILL, J. The question before this court can be simply stated: Is the ordinance of the noncharter city of Canton which is at a variance with Section 143.27, Revised Code, valid or invalid under Section 3, Article XVIII of the Ohio Constitution?

If it is valid, then the defendants Rosche and Wonderly should be retired, and promotions to fill such vacancies should be made from the existing civil service eligibility list.

By a constitutional amendment, adopted by the people in 1912, the powers of municipalties were set forth in the Constitution itself and no longer rested upon empowering acts of the Legislature. In the intervening years, there has been considerable discussion and debate and numerous court decisions concerning the thorny problem created by the limiting phrase, "as are not in conflict with general laws," which appears in Section 3, Article XVIII of the Ohio Constitution.

The case of *State, ex rel. Canada,* v. *Phillips, Dir.,* 168 Ohio St. 191, reviews most of the cases which this court has decided that arose under Section 10, Article XV, and Sections 3 and 7, Article XVIII of the Ohio Constitution.

The court in the opinion in that case considered the syllabi of previous cases and in the syllabus of that case approved some of the syllabi of earlier cases, distinguished some, questioned others and overruled still others in an attempt to bring more consistency and order to the law as pronounced by this court in this field.

Pertinent to this case is the first paragraph of the syllabus of the *Canada case, supra,* which reads:

"The appöintment of officers in the police force of a city represents the exercise of a power of local self-government

within the meaning of those words as used in Sections 3 and 7 of Article XVIII of the Ohio Constitution.''

That syllabus and the reasoning stated to uphold it support the proposition that an ordinance enacted to make provisions concerning tenure of city firemen in the classified civil service and the provisions for their retirement is an exercise of the power of local self-government.

Both parties to this action agree to this.

The plaintiffs rely primarily upon *Village of Perrysburg* v. *Ridgway,* 108 Ohio St. 245, for support of their position.

Perrysburg was a noncharter city, and the ordinance in that case was held to be the exercise of the power of local self-government. However, there was no conflict between that ordinance and any state statute.

Judge Peck, in his opinion in *State, ex rel. Petit,* v. *Wagner et al., Civil Service Comm.,* 170 Ohio St. 297, points out that the court in the *Perrysburg case* did not decide the question of the validity of a city ordinance of a noncharter city dealing with a local government question and which was at a variance with a state statute. Judge Peck said in the opinion, at page 299:

''The case of *Village of Perrysburg* v. *Ridgway, a Taxpayer,* * * * establishes the right of a municipality to exercise certain powers of home rule in the absence of a charter, *but there the powers of home rule sought to be exercised were not at variance with the general law.* * * * Thus, far from being authority for the proposition that a noncharter municipality can adopt regulations at variance with general law, it is actually a case in which five of the seven members of the court either adopted a diametrically opposite position or explicitly emphasized the fact that they were not passing upon it. This limitation of the *Perrysburg* decision is pointed up in *City of Cleveland* v. *Public Utilities Commission,* 130 Ohio St. 503, 200 N. E. 765.''

The controlling law in this case is stated in the syllabus of the *Petit case,* as follows:

''A noncharter municipality is without authority under the provisions of Section 3, Article XVIII, Constitution, to prescribe by ordinance a method for the selection of a chief of police which is at variance with the provisions of Section 143.34, Revised Code.''

The plaintiffs take the position that the *Petit case* can be distinguished from the *Perryburg case* on the facts. This position is not well taken. There is no sound basis upon which to make a distinction between the power to provide for the appointment of an employee of a city department and the power to make provisions concerning his retirement.

Any ordinance dealing with police regulations passed by either a charter or noncharter city, which is at a variance with state law, is invalid. Section 3, Article XVIII of the Ohio Constitution.

An ordinance passed by a charter city, which is not a police regulation but which deals with local self-government, is valid and effective even though it is at a variance with a state statute. *State, ex rel. Canada,* v. *Phillips, supra.*

An ordinance passed by a noncharter city, which is not a police regulation but is concerned with local self-government regulation, is valid where there is no state statute at a variance with the ordinance. *Perrysburg* v. *Ridgway, supra.*

An ordinance passed by a noncharter city, which is not a police regulation but is concerned with local self-government, is invalid where such ordinance is at a variance with a state statute. *State, ex rel. Petit,* v. *Wagner, supra.*

In the case before this court, Canton, a noncharter city, passed an ordinance dealing with a local government regulation which is at a variance with a state statute, and the ordinance is, therefore, invalid under the provisions of Section 3, Article XVIII of the Ohio Constitution.

The judgment of the Court of Appeals must, therefore, be affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, GRIFFITH, HERBERT and GIBSON, JJ., concur.

TAFT, C. J., concurring. Admittedly, the ordinance here involved provides for exercise of a power of local self-government that does not represent a ''police, sanitary or other similar'' regulation within the meaning of Section 3 of Article XVIII of the Ohio Constitution, the words in that section of the

Constitution "as are not in conflict with general laws" do not limit the words therein conferring "authority to exercise all powers of local self-government" (*State, ex rel. Canada,* v. *Phillips, Dir.* [1958], 168 Ohio St. 191, 151 N. E. [2d] 722), and a municipality may exercise powers of local self-government pursuant to that section without adopting a charter (*Village of Perrysburg* v. *Ridgway* [1923], 108 Ohio St. 245, 140 N. E. 595).

However, as suggested at page 303 in the opinion in *State, ex rel. Petit,* v. *Wagner et al, Civil Service Comm.,* 170 Ohio St. 297, 164 N. E. (2d) 574, the provisions of Article XVIII of the Ohio Constitution provide against the exercise by a non-charter municipality of such powers of local self-government to the extent that they are inconsistent with state statutes.

Thus, Section 7 of Article XVIII provides for "exercise thereunder," *i. e.* under "a charter," of "all powers of local self-government." Under what would a municipality exercise such powers if it has no charter? In my opinion, Section 2 gives the answer. That section specifically provides that the General Assembly may enact "general laws * * * for the * * * government" of municipalities. Except for the provisions of Section 7 of Article XVIII, authorizing a charter municipality to exercise its powers of local self-government under a charter, all municipalities would be subject to the limitations necessarily implied from the power of the General Assembly under Section 2 to enact laws for their government.

Thus, as to noncharter municipalities, exercises of powers of self-government pursuant to Section 3 must be consistent with laws enacted for their government pursuant to Section 2.