SOLLY, APPELLEE, *v.* CITY OF TOLEDO, APPELLANT.

[Cite as Solly v. Toledo, 7 Ohio St. 2d 16.]

(No. 39755—Decided June 22, 1966.)

18

Mr. *James Slater Gibson,* for appellee.

Mr. *Louis R. Young,* director of law, Mr. *Brandon G. Schnorf, Jr.,* and Mr. *John J. Burkhart,* for appellant.

TAFT, C. J. In 39 American Jurisprudence 454, Section 183, it is stated:

"The summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the Constitution, and, hence, is not within the prohibition of the provisions of that instrument, and exists in the absence of statute. * * * the right may be exercised by public officers, municipal corporations, and by private individuals. The legislature may authorize the summary abatement of public nuisances * * *. Also, provision may be made for the forfeiture * * * or destruction of property used in maintaining the nuisance when necessary to effectuate its abatement."

In support of those statements see *North American Cold Storage Co.* v. *City of Chicago* (1908), 211 U. S. 306, 53 L. Ed. 195, 29 S. Ct. 101; *Lawton* v. *Steele* (1894), 152 U. S. 133, 38 L. Ed. 385, 14 S. Ct. 499; *State* v. *French* (1905), 71 Ohio St. 186, 73 N. E. 216; *Kroplin* v. *Truax, Dir.* (1929), 119 Ohio St. 610, 165 N. E. 498; *Williams* v. *Sandles* (1915), 93 Ohio St. 92, 112 N. E. 206; *Phifer* v. *Cox* (1871), 21 Ohio St. 248, 8 Am. Rep. 58; *Lindsay* v. *City of Cincinnati* (1961), 172 Ohio St. 137, 174 N. E. 2d 96.

Sections 3 and 7 of Article 18 of the Ohio Constitution pro-

vide for the exercise by a charter city* of all powers of local self-government. These powers include legislative power.

Thus, a charter city may enact legislation authorizing summary abatement of public nuisances and the destruction of property used in maintaining such nuisances when reasonably necessary to effectuate their abatement. Toledo ordinances 343-46 and 438-62 were apparently designed to do this.

However, no legislation can authorize the destruction of private property as a public nuisance unless such property comes within a valid legislative definition (by statute or ordinance) of a public nuisance or is expressly proscribed by valid legislation (*i. e.*, by statute or ordinance).

Annotation, Destruction of Buildings, 14 A. L. R. 2d, 73, 82, 87. Cf. *Dragelevich* v. *City of Youngstown* (1964), 176 Ohio St. 23, 197 N. E. 2d 334, where ordinance held invalid.

Hence, even an officer, who destroys or injures private property in abating what legislative or administrative officials have determined to be a public nuisance, does so at his peril, where there has been neither a previous judicial determination that such supposed nuisance is a public nuisance nor even an opportunity provided to the owner for an administrative hearing (with a judicial review thereof) on the question as to whether there is a public nuisance. Annotation, 14 A. L. R. 2d 83 *et seq.*; 39 American Jurisprudence 464, Section 187. (Cf. *DiMaggio* v. *Mystic Bldg. Wrecking Co., Inc.* [1960], 340 Mass. 686, 166 N. E. 2d 213, where plaintiff, who neglected to take advantage of available administrative hearing, held barred from attacking administrative determination of public nuisance.)

In such an instance, when sued by the owner, the officer must allege and prove that what he destroyed was a public nuisance and that its destruction was reasonably necessary for abatement of that nuisance. 39 American Jurisprudence 464, 465, Section 188. If the trier of the facts finds otherwise, the officer may be held liable for damages caused by such destruc-

---

*No contention is made that either ordinance involved in the instant case conflicts with any state statute. If it did, and a charter city was not involved, other questions might arise. See *Leavers* v. *City of Canton* (1964), 1 Ohio St. 2d 33, 203 N. E. 2d 354.

20

tion. *North American Cold Storage Co.* v. *City of Chicago,* *supra* (211 U. S. 306), at 316; 39 American Jurisprudence 457 and 462, Sections 184 and 187; annotation 14 A. L. R. 2d 92, 93.

In such an instance, if such officer was acting within the scope of his employment for a city in destroying the supposed nuisance, the city would be liable under the doctrine of *respondeat superior* unless protected by governmental immunity.

Toledo has not contended that it did not authorize destruction of the buildings. It could not do so in the light of its ordinance 438-62. Also, Toledo has not raised any question as to governmental immunity. Hence, we express no opinion on such question. See 39 American Jurisprudence 459, Section 185.

The failure of Toledo to comply with the Toledo ordinance 343-46 would have no significance in the instant case. That ordinance did not provide that the owner of the property to be destroyed should have any hearing on the question as to whether there was a public nuisance. Thus, Toledo's compliance with that ordinance would afford Toledo no defense against plaintiff's action as did the legislation involved in *Di Maggio* v. *Mystic Bldg. Wrecking Co., Inc.,* which gave the owner a right to an administrative hearing, before destruction of his property, on the question as to whether it was a public nuisance. Also, Toledo's noncompliance with that ordinance would not have aided plaintiff's case in any way since ordinance 438-62 expressly authorized the complained of destruction of plaintiff's two buildings.

This brings us to an examination of the record to determine whether Toledo established as a matter of law that each of the destroyed houses was a public nuisance, and that it was reasonably necessary to destroy each of them in order to abate that public nuisance.

In our opinion, reasonable minds could find against Toledo on this record on those questions. Hence, we believe that those questions should have been submitted to the jury for determination.

It may be suggested that, after plaintiff was notified that the city had found public nuisances to exist at her two properties and that unless she abated those nuisances within 30 days the city would destroy the properties, plaintiff should have

sought to enjoin the city from destroying those properties, and, not having done so, cannot now recover damages because the city did destroy them. However, the owner of property is under no duty to bring an action to enjoin its threatened wrongful destruction and failure to do so will not prevent recovery for damages caused by that destruction. *Moll Co.* v. *Holstner* (1934), 252 Ky. 249, 67 S. W. 2d 1.

For the foregoing reasons, but not for those given by the Court of Appeals, the judgment of that court is affirmed and the cause is remanded to the Common Pleas Court for a new trial in accordance with this opinion.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.