VAIR ET AL., APPELLEES, *v.* CITY OF RAVENNA ET AL., APPELLANTS.

(No. 71-110—Decided March 1, 1972.)

Mr. *Joseph Giulitto*, for appellees.
Mr. *Paul M. Wilson*, for appellants.

CORRIGAN, J. The question presented for judicial determination is whether the words "such other duties," as used in R. C. 737.11, contemplate *any* other duties or only other duties *incident to* the performance of one's position. More broadly stated, we are to ascertain whether the Ravenna ordinance is in conflict with R. C. 737.11.

Ravenna concedes that since it is a noncharter city it cannot pass an ordinance in conflict with the provisions of R. C. 737.11, regardless of "whether the ordinance deals with local self-government or police regulation."*

In attempting to determine the legislative intent expressed in R. C. 737.11, we look to other Revised Code provisions and find, as did the Court of Appeals, "that separate civil service examinations be given for police and firemen, that separate eligibility lists be maintained for each, that no person may transfer from one list to the other nor shall personnel transfer from one department to the other (R. C. 143.33); that the chief of the fire department shall have exclusive control of the stationing and transferring of all firemen * * * (R. C. 737.09); that no person shall be appointed as a permanent full time paid member of the fire department * * * unless such person has received a certificate * * * evidencing a satisfactory completion of a fire

---

*In this connection, see *State, ex rel. Petit,* v. *Wagner* (1960), 170 Ohio St. 297; *Leavers* v. *Canton* (1964), 1 Ohio St. 2d 33; Opinions of Atty. Gen. (1962), 496, No. 3103; and Opinions of Atty. Gen. (1959), 513, No. 819.

fighter training program (R. C. 737.08); and that no person shall * * * receive an * * * appointment on a permanent basis as a peace officer * * * unless such person has previously been awarded a certificate * * * attesting to his satisfactory completion of an approved state, county or municipal police basic training program (R. C. 109.77)."

Because of the specificity with which the General Assembly has delineated individuality of treatment and requirements for members of each of the public safety departments, we conclude that the legislative intent in using the words "such other duties" in R. C. 737.11 was to refer to "other duties" incident to a fireman's performance of duties as a fireman and "other duties" incident to a policeman's performance of duties as a policeman.

The question now emerges as to whether or not the Ravenna ordinance, which requires firemen to operate the police radio, is in conflict with R. C. 737.11, wherein we deem the words "such other duties" to mean duties incident to the performance of one's position.

We hold that the words "such other duties" which appear in R. C. 737.11, as we have defined them, refer to such duties as are incident to the operation of the respective police or fire departments.

The Ravenna ordinance, No. 1968-32, prescribes duties for firemen outside the purview of R. C. 737.11, and such a prescription of duties is in conflict with the general law.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, SILBERT, STERN and LEACH, JJ., concur.

SILBERT, J., of the Eighth Appellate District, sitting for DUNCAN, J. JUDGE SILBERT of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE SILBERT did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.