JACKSON, APPELLANT, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 74AP-96—Decided August 20, 1974.)

*Mr. Webster S. Lyman,* for appellant.

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Robert A. Bell* and *Mr. John L. Francis,* for appellee.

WHITESIDE, J. Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant. Plaintiff was the owner of a property located at

1290-92 Franklin Avenue, which was caused to be razed by defendant on August 16, 1972. He seeks damages for what he contends was a wrongful and illegal act in razing such building. Plaintiff purchased the property and was granted a deed dated August 25, 1970. Prior to that time, the building had been condemned as unfit for habitation, although it is not clear whether or not plaintiff was aware of such condemnation.

On March 4, 1971, the defendant's superintendent of building regulations issued a condemnation order directed to plaintiff indicating his address as 1139 Leonard Avenue, and stating that the building was found to be "deteriorated due to age and lack of maintenance." It ordered that plaintiff "vacate—and—rehabilitate to specifications attached—OR—raze to grade, leaving sight in clean, level, and sanitary condition." The evidence indicates that this order was not served upon plaintiff until August 10, 1971.

In the interim, a hearing was scheduled to be held before the Columbus Board of Nuisance Abatement on July 1, 1971, to consider whether a public nuisance existed on the premises involved herein. A letter giving notice of this hearing was addressed to plaintiff at "1139 Leonard Avenue," but, according to testimony, this letter was returned indicating addressee unknown. It will be noted that Columbus Code 4701.03 requires either personal or residence service and permits certified mail notice only if a person's place of residence is outside of Franklin County.

Notwithstanding the failure to serve notice, the board of nuisance abatement conducted its hearing and issued an order in the form of a printed form making certain determinations, with the only unfavorable conditions found being typed in as follows: "(1) Fire Hazard (2) Rodent Harborage; loose trash, garbage (3) Broken windows (4) General Deterioration * * *." Service of this order was made upon plaintiff on August 6, 1971, at the workhouse. On September 8, 1971, plaintiff obtained a building permit to perform certain rehabilitation work upon the premises which work was estimated to cost $4,000. There is no dispute that plaintiff performed certain work under the per-

mit pertaining to a porch, part of which was inspected and approved by the building inspector on November 30, 1971, and part of which was inspected and approved on January 5, 1972.

Plaintiff further gave evidence that he performed other work under the permit. He testified that certain electrical wiring work was performed and that, on March 13, 1972, he entered into a contract to have new windows and new doors installed on the premises by Busy Beaver Remodelers, Inc. In any event, subsequent to the razing of the premises, Busy Beavers obtained a judgment against plaintiff for the full amount of the contract price of $2,980, which presumably would not have been obtained had the work not been performed.

On June 6, 1972, a building inspector of the city of Columbus went to the property and determined that no work had been performed under the permit for six months and considered it void and, on the same date, a notice was sent from the superintendent of building regulations to the urban renewal department stating expressly, but inaccurately, that, with respect to the premises involved, "we find no work has been done." Apparently, as a result of this notification, the building was razed.

Although the notices of the city were sent to 1139 Leonard Avenue, the evidence is clear that plaintiff's address at all times was 1139 Leona Avenue. There is no explanation as to why this mistake in address was made in the city's notifications. In support of his appeal, plaintiff raises two assignments of error as follows:

1. "The Trial Court Erred in Failing to Make Separate Findings of Fact and Conclusions of Law as Requested."

2. "The Trial Court Erred in Rendering Judgment in Favor of Defendant."

Although the original transcript of proceedings was not clear, and the court reporter failed to comply with App. R. 9(B) and certify as to whether or not the transcript was partial or complete, by agreement of the parties, the record has been supplemented, and it is clear that the decision of

the Court of Common Pleas was announced in open court on February 4, 1974. The judgment entry was entered on February 12, 1974. Plaintiff's request for separate findings was filed on February 13, 1974, and refers to the judgment as having been entered on the 4th day of February. Such request was not timely made. Civ. R. 52 requires that a request for separate findings be made either within seven days after the announcement of the court's decision, or prior to the entry of judgment, whichever is later.

Since the request herein was not made until nine days after the announcement of the court's decision, and one day after the journal entry of judgment was filed with the clerk, the trial court did not err in failing to make the requested separate findings, although, in many instances, the trial court's doing so would be helpful to this court upon review. The first assignment of error is not well taken.

The Ohio Supreme Court in *Solly* v. *Toledo* (1967), 7 Ohio St. 2d 16, set forth the standards that must be met before a building may be razed as a public nuisance. Paragraphs 3 and 4 of the syllabus of *Solly* expressly provide:

"3. Anyone who destroys or injures private property in abating what legislative or administrative officials have determined to be a public nuisance does so at his peril, where there has been neither a previous judicial determination that such supposed nuisance is a public nuisance nor even an opportunity provided to the owner for an administrative hearing (with a judicial review thereof) on the question as to whether there is a public nuisance.

"4. In such an instance, when sued by the owner, the one destroying the property may be held liable for damages caused by its destruction unless he alleges and proves and the trier of the facts finds that what he destroyed was a public nuisance and that its destruction was reasonably necessary for abatement of that nuisance."

*Solly* requires that there must first be either a judicial determination of a public nuisance or an opportunity provided to the owner for an administrative hearing with a judicial review thereof as to whether there is a public nuisance. Here, neither was provided.

Although the defendant's board of nuisance abatement did conduct a hearing and enter an order, no notice thereof, nor any opportunity to be heard was afforded plaintiff. Rather, the defendant admittedly mailed a notice to the wrong address without any reason or justification being given for the use of the wrong address, which presumably was merely a typographical error. The address to which the notice was given was 1139 Leonard Avenue; whereas, plaintiff's address was 1139 Leona Avenue.

Defendant contends that plaintiff had a right to appeal the findings and order of the board of nuisance abatement and failed to do so, and that such appeal would meet the requirements of *Solly*. However, Columbus Code 4701.05 provides that the appeal shall be considered by the nuisance appeal board, which, in hearing the appeal, is limited to "considering a transcript of the hearing before the board of nuisance abatement." An appeal limited to considering a transcript made before a board, the hearing before which plaintiff was given no notice, and at which he had no opportunity to present evidence or to be heard, would not constitute the requirement of an administrative hearing required by *Solly*.

It is true that rather than appeal plaintiff elected to obtain a building permit and commence some rehabilitation work. Whether or not he proceeded with good faith and due diligence is open to question. However, there is no question that he performed some work under the permit, and some of the work required to be performed under the order. Even assuming a building constitutes such a public nuisance as would justify its razing, if not corrected, the performance of some of the required rehabilitation may be sufficient to make the destruction of the property no longer reasonably necessary to effectuate the abatement of the nuisance. The first paragraph of the syllabus of *Solly* holds that, with respect to public nuisances, a city may enact legislation providing for "the destruction of property used in maintaining such nuisances *when reasonably necessary to effectuate their abatement.*" (Emphasis added.)

Obviously, it is not always necessary to destroy property in order to abate a nuisance. In this case, we note that among the conditions found were rodent harborage, loose trash and garbage. Surely, this type of nuisance can be abated without destroying the property. We also note that one of the conditions was broken windows. Again, it would hardly seem necessary to destroy the property in order to abate this type of ''nuisance.'' Where the condition of the building constitutes a fire hazard, as noted in the findings of the board of nuisance abatement, a more serious problem exists. However, if the source of the fire hazard is faulty wiring, it would seem that the public nuisance aspects could be abated by removing the source of electrical energy and that the destruction of otherwise sound property would not be reasonably necessary to effectuate the abatement of such a nuisance.

With respect to the expiration of the building permit, it was contended that this occurred on June 6, 1972, because no work had been performed for six months. However, the building permit inspection card indicates an inspection of a porch floor on January 5, 1972, only five months prior to the supposed expiration of the building permit. Former Columbus Code 4113.09, applicable at the time involved, provided that a building permit ''under which no work is commenced within six months after issuance, or under which work is commenced and later discontinued for at least six months shall expire by limitation.'' Regardless of whether or not Busy Beaver Remodelers performed any of the work contracted for under the March 13, 1972, contract, it would appear that less than six months had expired, and some work had been performed under the permit at the time a notification was given (June 6, 1972), not to plaintiff but to another agency of defendant, that no work had been performed under the permit.

There is no indication that plaintiff, at any time, was given any further notice of any contemplated action by the city except that received in August 1971, pursuant to which he obtained a building permit and performed some of the rehabilitation required thereunder. It must be noted that

plaintiff had no duty to take direct action to prevent the city from proceeding with its threatened destrucion of his property in view of the fifth paragraph of the syllabus of *Solly*, which reads as follows:

"The owner of property is under no duty to bring an action to enjoin its threatened wrongful destruction, and failure to do so will not prevent recovery for damages caused by such destruction."

*Solly* does not require an automatic recovery by the owner of property which has been destroyed without affording to that owner the procedural safeguards set forth in *Solly*. Rather, *Solly* merely requires that the one who has destroyed the property under a claim of right, in order to abate a public nuisance, must allege and prove "that what he destroyed was a public nuisance and that its destruction was reasonably necessary for abatement of that nuisance." In other words, the burden was upon defendant to allege and prove that it was justified in destroying plaintiff's property. The burden was not upon plaintiff to prove that defendant was not justified in destroying his property.

There are two aspects to this burden of proof. One is that the property was a public nuisance. There was sufficient evidence adduced to permit a finding that the property in the condition it existed was a public nuisance. However, in addition, it must be alleged and proved that the destruction of the property was reasonably necessary to effectuate the abatement of the nuisance. If means short of destruction would abate the nuisance, such must be employed. It will be noted that even the findings of the board of nuisance abatement contain no finding that the destruction of the property was reasonably necessary to effectuate the abatement of the nuisance found. Rather, the notice indicates that the nuisance could be abated "by the repair or replacement of the above conditions found to constitute said public nuisance." It will be further noted that, in the event of the noncompliance with an order of the board of nuisance abatement, Columbus Code 4701.06 authorizes the housing code administrator to act as follows:

"to enter upon said premises and the owner shall per-

mit him entry to abate the nuisance by demolition and removal of the structure *or by taking any other such action as may be required.* * * * In abating such nuisance, he may go to *whatever extent necessary to complete the abatement of the same* and the cost of the abatement action shall be recovered from the owner * * *.'' (Emphasis added.)

Here, the burden of proof was upon the defendant to justify its action in destroying plaintiff's building. It would appear that the trial court placed the burden upon plaintiff to prove that such demolition was not justified. Accordingly, we find the second assignment of error to be well taken.

For the foregoing reasons, the first assignment of error is overruled, the second assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.