OPINION
{¶ 1} This is an appeal from the judgment of the Marion County Court of Common Pleas, which found 569 North State Street in Marion, Ohio a nuisance and ordered that the house located on the property be demolished.
 {¶ 2} On November 27, 2001, the city of Marion, Ohio ("Appellee") filed a complaint against the property, Van and Eleanor Northup, the owners of the property ("Appellants"), and John Ligget, a tenant of the property, alleging that the property was a nuisance and requesting an injunction to abate the nuisance or an order to demolish the property if abatement is not feasible. The matter was set for trial, and on March 5, 2002, the trial court issued a Trial Preparation Order, which directed the parties to file a trial report three days prior to the October 11, 2002, trial. The order also stated that any exhibits or witnesses not listed would be excluded at trial. Appellants failed to file a trial report listing the potential witnesses. The trial was rescheduled, and on January 27, 2003, a bench trial was held at which the Appellants were excluded from calling witnesses based on their failure to file the trial report.
 {¶ 3} At trial, Appellants notified the trial court that a lien existed on the property involved in the litigation and that the holder of that lien must be joined as a party. Consequently, rather than pronounce judgment, the trial court gave the parties one week to submit information regarding the alleged lien on the property. After it was established that there was a lien on the property, Appellee filed a motion to amend the complaint to include as a defendant, Washington Mutual Savings and Loan (Washington). The trial court granted Appellee's motion. After proper service, Washington failed to respond in the appropriate time. Consequently, the trial court ruled on the evidence produced at trial finding that the property was a nuisance and that there is no reasonable expectation that the nuisance would be abated. That said, the trial court granted Appellee leave to demolish the structure on the property. A stay was granted by this court.
 {¶ 4} Appellants now appeal, asserting three assignments of error.
 First Assignment of Error The defendants' rights to due process were violated when a party to theaction was denied the opportunity to present testimony and evidence forfailing to submit a trial brief as required by the court's trialpreparation order.
 {¶ 5} It is within the sound discretion of the trial court to determine if a party has been given adequate notice of the identity of a witness and to determine "if such notice was sufficient for the purposes of its pretrial orders and the orderly administration of the trial."Bancroft v. Rice (Mar. 31, 1993), Logan App. No. 8-92-28 at *2.
 {¶ 6} As noted above, on March 5, 2002, the trial court entered a Trial Preparation Order which required the parties to file a witness list three days prior to trial which was scheduled for October 11, 2002. The order further notified the parties that witnesses whose names were not submitted would not be allowed to testify at trial unless the exclusion would impose substantial injustice upon the proponent and the opponent would not be prejudiced by the admission. Appellants in this case never filed a witness list and first notified Appellee of their witnesses at the close of Appellee's evidence on the day of trial. As Appellants were given ample time to provide a witness list and Appellee was not provided any time within which to prepare to examine Appellants' witnesses, we cannot find that the trial court abused its discretion when it excluded the testimony of Appellant's witnesses. Furthermore, it appears from the trial court's judgment entry that, even if the trial court had considered the proffered evidence, it would not have changed the results. Consequently, Appellant's first assignment of error is overruled.
 Second Assignment of Error Plaintiff's complaint should have been dismissed for failure to join anindispensable and necessary party to the action prior to trial.
 {¶ 7} Civ.R. 15(A) provides,
A party may amend his pleading once as a matter of course at any timebefore a responsive pleading is served or, if the pleading is one towhich no responsive pleading is permitted and the action has not beenplaced upon the trial calendar, he may so amend it at any time withintwenty-eight days after it is served. Otherwise a party may amend hispleading only by leave of court or by written consent of the adverseparty. Leave of court shall be freely given when justice so requires.
 {¶ 8} The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. Turner v. Cent.Local School Dist. (1999), 85 Ohio St.3d 95, 99. An abuse of discretion implies that the trial court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In this case, the trial court permitted Appellee, in the interest of justice, to amend its complaint to include Washington as the holder of a mortgage lien on the property. As stated above, Washington was served with the amended complaint but failed to file an answer within the requisite time period. As Washington was a necessary party to the action and Appellant failed to object to Appellee's motion to amend the complaint, we cannot find that the trial court abused its discretion in amending the complaint to include Washington. Furthermore, any error would be harmless as Washington failed to make any appearance in the litigation. Consequently, Appellant's second assignment of error is overruled.
 Third Assignment of Error An order authorizing razing of a structurally sound building iserroneous when the conditions complained of can be readily remedied.
 {¶ 10} First, Appellants argue that a finding that the property is a public nuisance is not supported by the weight of the evidence. A judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. When conducting a review, an appellate court must remember that a trial court is in the best position to weigh credibility as it has the opportunity to hear the testimony and observe the demeanor of the witnesses. SeasonsCoal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 11} A public nuisance has been defined as:
a building that is a menace to the public health, welfare, or safety;that is structurally unsafe, unsanitary, or not provided with adequatesafe egress; that constitutes a fire hazard, is otherwise dangerous tohuman life, or is otherwise no longer fit and habitable; or that, inrelation to its existing use, constitutes a hazard to the public health,welfare, or safety by reason of inadequate maintenance, dilapidation,obsolescence, or abandonment.
R.C. 3767.41(A)(2).
 {¶ 12} In this case, Sandy Birdenstine of the Marion City Health Department testified at trial. She testified that she inspected 569 N. State Street in 2001. Upon inspection, Birdenstine found a tub, shower, car seat, car batteries, newspapers and tires located in the yard. She further testified that there was no floor covering, handsink or hot water heater in one unit; the bathroom walls were not finished in one unit; two windows were boarded up; there were exposed wires in the property and extension cords were running to the circuit box; there were open cat food cans on the floor in the house and twelve cats were observed on the property; there was an extension cord running from the refrigerator, food debris on the floor and no floor covering in one kitchen; there were fly droppings, cat feces and flies on the property; extension cords were observed crossing the hallway; bags of garbage, a fan, papers and debris were in the hallway; an extension cord was running past a railing to a circuit box; boxes, clothes, carpeting, wood and newspapers were piled up on the property; a stack of lumber was situated on the porch; water stains were observed on the ceilings; boards on the roof were missing and the others were bowed; some of the units had insufficient heat; the sewer line needed cleaned out every one to six months and a fire had occurred at the home.
 {¶ 13} Pictures of these violations were taken in 2001 and presented at trial. Birdenstine testified that the Marion City Board of Health issued at least four separate violations against Appellants who were taken to court and fined twice for those violations. Birdenstine further testified that she revisited the property a few days before trial in January of 2003 and that other than replacing three windows, appellant had not complied with the orders of the Board of Health. Finally, Birdenstine testified that the property was a public nuisance and a hazard to the health and safety of the citizens of Marion.
 {¶ 14} Dale Osborn, the Marion City Safety Director, also testified at trial. He testified that he had visited the property regarding some junk vehicles in the yard, however, he barely entered the home because the odor of the cats kept him back.
 {¶ 15} As the above evidence demonstrates some competent, credible evidence that the property is a menace to public health, a fire hazard, no longer fit and habitable or is otherwise dangerous to human life as alleged in the complaint, we cannot find that the trial court erred in finding that the property meets the definition of public nuisance as defined in R.C. 3767.41(A)(2).
 {¶ 16} Next Appellants argues that even if the property is deemed a public nuisance, the trial court erred by ordering the demolition of a structurally sound building. We disagree.
Upon the written request of any of the interested parties to have abuilding, or portions of a building, that constitute a public nuisancedemolished because repair and rehabilitation of the building are foundnot to be feasible, the judge may order the demolition.
R.C. 3767.41(E).
 {¶ 17} Appellants specifically argue that Solly v. Toledo (1967),7 Ohio St.2d 16 and its progeny govern and prevent the demolition of a structure when it is not reasonably necessary. However, Solly involved a lawsuit against city officials who ordered the demolition of a building without a hearing or a judicial determination that the property was a nuisance pursuant to a city ordinance. It did not involve the demolition of a building pursuant to R.C. 3767.41(E). Consequently, Solly is not applicable. In its judgment entry, the trial court determined that Appellants are "not likely to make any repairs soon since they have not done so in the last two years, even with the pressure from the City to correct health code violations and to abate the nuisance." As these statements are supported by the record, we find some competent credible evidence that repair and rehabilitation of the property is not feasible. Consequently, Appellant's third assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.