DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the September 11 and October 11, 2006 judgments of the Toledo Municipal Court in two municipal court cases, which imposed sentences of 60 days of incarceration and demolition of appellant's nuisance property. Upon consideration of the assignments of error, we find the decisions of the lower court are *Page 2 
void ab initio. Appellant, Prabhu Samuel, asserts the following assignments of error on appeal:
 {¶ 2} "ASSIGNMENT OF ERROR NUMBER ONE
 {¶ 3} "THE COURT ERRED IN ORDERING DEMOLITION OF ALL BUILDINGS ON APPELLANT'S REAL PROPERTIES WITHOUT DETERMINING A NEED FOR DEMOLITION OR CONDUCTING AN EVIDENTIARY HEARING THEREIN.
 {¶ 4} "ASSIGNMENT OF ERROR NUMBER TWO
 {¶ 5} "THE COURT ERRED IN SENTENCING APPELLANT (AS TO BOTH CASES CRB-05-15553 AND CRB-03-17716) ON NOVEMBER 14, 2006 TO A TERM OF SIXTY DAYS EACH WITHOUT GIVING APPELLANT OR HIS COUNSEL PRIOR NOTICE OF A SENTENCING AND WITHOUT GIVING APPELLANT OR HIS COUNSEL OPPORTUNITY TO MAKE ANY MITIGATION OF SENTENCE AND ESSENTIALLY RESENTENCING APPELLANT AS TO BOTH CASES. MOREOVER, THE COURT ERRED IN DELAYING SENTENCING OF APPELLANT."
 {¶ 6} In two separate Toledo Municipal Court criminal actions (case nos. CRB-03-17716-0202 and CRB-05-15553-0101), criminal complaints were filed against appellant (September 15, 2003 and August 2, 2005 respectively) for failing or neglecting to obey or abide by an order of the building inspector to abate a public nuisance at 2731-2733 Monroe Street and 1958 Front Street, Toledo, Ohio. Appellant pled no contest and was found guilty in both cases. In the first case, appellant was sentenced on May 12, *Page 3 
2005 to pay a $500 fine and $79 for court costs. Appellant was also sentenced to 60 days in jail, which was suspended. Appellant was ordered to pay a housing supervision fee of $40 and was placed on community control for three months or until the property was in full compliance with the Toledo Municipal Code. Payment of the fine and court costs was also stayed.
 {¶ 7} In the latter case, there is an indication that the court was imposing the same sentence on September 29, 2005. However, the judge wrote: "NCFG Comm. Control and then stamped the standard sentence completing the blanks to impose 60 days incarceration, $500 in fines, and costs and three months of community control. These sentences were then crossed out and the remaining language states: "or until full compliance including fines and court costs. The judge also ordered appellant to pay a housing supervision fee of $40 and continued the matter. A subsequent entry stayed the payment of fines and costs that had been crossed out in the prior entry.
 {¶ 8} On September 11, 2006, in both cases, the trial court ordered the properties demolished on or before October 11, 2006. If demolition did not occur on or before that date, the court would lift the stay on the incarceration sentence. Appellant filed a notice of appeal from the September 11, 2006 judgments.
 {¶ 9} On October 11, 2006, in the first case, the court ordered that the case be stayed pending appeal. Appellant filed a notice of appeal from that order. In the second case, the trial court issued an order on October 11, 2006 holding "60 Days/SOE" and an order on October 27, 2006, modifying appellant's sentence to permit appellant to serve the remainder of his sentence in the electronic monitoring unit program. The October 27, *Page 4 
2006 entry states: "Sentence Modified to EMU effective 10/30/06 Review 11/29/06." Appellee asserts that this final order was vacated by the trial court on November 29, 2006. However, there are no further entries in the record to support this statement. Appellant appealed only the October 11, 2006 order. All of the appeals have been consolidated.
 {¶ 10} In his first assignment of error, appellant argues that following a subsequent hearing on October 11, 2006, the court ordered the demolition of both buildings despite the fact that there had been no request by the city of Toledo to do so and there was no factual evidence to justify the demolition. Appellant contends that the trial court's order violated the Fifth Amendment to the United States Constitution because he was deprived of his property without due process of law.
 {¶ 11} Appellee argues that the trial court did find that both properties were public nuisances. We find this statement is not supported by the record. These cases are criminal actions in which the court found appellant guilty of failing to abate a public nuisance as ordered by the Department of Economic and Community Development. Appellant was sentenced pursuant to Toledo Municipal Code 1726.99. There is no provision within this section empowering the court to order the demolition of the nuisance property. The cases cited by appellee,Solly v. Toledo (1966), 7 Ohio St.2d 16, Jackson v. Columbus (1974), 41 Ohio App.2d 90, City of Marion v. Real Property Located at 569 NorthState Street, 3d Dist. No. 9-03-28, 2003-Ohio-6287, in which trial courts have reviewed demolition orders or issued demolition orders involved administrative appeals or injunctive relief. Appellee has not cited to any criminal *Page 5 
nuisance action where the court sua sponte issued an order to demolish the nuisance property. Furthermore, having already sentenced appellant on May 12, 2005 in case no. CRB-03-17716-0202 and September 29, 2005 in case no. CRB-05-15553-0101, the trial court had no jurisdiction to later impose additional sanctions. Therefore, even if the court had such authority, it no longer had jurisdiction to impose such a sanction in these cases since it had already issued final judgments of convictions as we shall further discuss under appellant's second assignment of error.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by imposing a sentence in both cases on October 11, 2006, (60 days of incarceration) without giving notice of the sentencing hearing and without giving him an opportunity to present mitigating evidence. Even if the court had continued sentencing from 2005 until October 11, 2006, appellant argues that a 16 month delay from the determination of guilt to imposition of sentence was not justified and deprived the court of the power to do so. In support of his assignment of error as to both cases, appellant requested transcripts of only the September 7, 2006 and October 11, 2006 hearings.
 {¶ 13} In case no. CRB-03-17716-0202, the court originally sentenced appellant on May 12, 2005. At the hearing on September 7, 2006, the court indicated that it would order the sentence of 60 days incarceration enforced and issued a judgment entry to that effect, which was journalized on September 11, 2006. The sentence was stayed until October 11, 2006. If the building was not demolished by that date, appellant would begin to serve his sentence. At the October 11, 2006 hearing, the court was informed that the building had not been demolished. Therefore, the court ordered appellant to begin to *Page 6 
serve his sentence. The court did not re-sentence appellant in this case. Appellant did not file an appeal from the May 12, 2005 judgment of conviction.
 {¶ 14} In case no. CRB-05-15553-0101, the record indicates that the court first sentenced appellant on September 29, 2005 as discussed above. No appeal was taken from that judgment of conviction. On October 11, 2006, following a hearing, the court entered a judgment of: "60 Days/SOE." At the hearing, the attorneys were apparently confused about whether appellant had already been sentenced. The judge indicated that appellant had been placed on community control and, therefore, had not been sentenced. Therefore, the court proceeded to sentence appellant to 60 days of incarceration, to be served consecutively with case no. CRB-03-17716-0202. The judge reasoned that he could proceed with sentencing because the previous appeal filed by appellant from the September 7, 2006 judgment was from an order which was not a final order because it was not an order imposing a sentence.
 {¶ 15} First, community control is a criminal sanction, R.C.2929.01(F), and, when included within a judgment of conviction as defined by Crim.R. 32(C), appellant had a right to appeal the judgment. Section 3(B)(2), Article IV, Ohio Constitution, Crim.R. 32(B)(1), and App.R. 4(A). However, appellant never filed an appeal from the original judgment of conviction. Therefore, appellant cannot now challenge this sentence.
 {¶ 16} Moreover, once the sentence was reduced to writing and was journalized, it became a final judgment. Crim.R. 32(C) and App.R. 4(C). A trial court cannot reconsider a valid, final judgment. State ex rel.Hansen v. Reed (1992), 63 Ohio St.3d 597, 599. While a trial court has the authority under Crim.R. 36 to correct clerical errors *Page 7 
at any time, the subsequent judgments in this case did more than correct clerical errors. The judgments of conviction were the final judgments in the case. Therefore, the October 11, 2006 judgment is void.
 {¶ 17} We find that the September 11, 2006 orders in both cases and the October 11, 2006 judgment in case No. CRB-05-15553-0101 are void, albeit for reasons other than those argued by appellant. Appellant's first assignment of error is rendered moot. Appellant's second assignment of error is found not well-taken as to case No. CRB-03-17716-0202 and moot as to case No. CRB-05-15553-0101.
 {¶ 18} Having found that the trial court did commit plain error prejudicial to appellant, the above-mentioned three judgments of the Toledo Municipal Court are void, and, therefore, reversed. The October 11, 2006 judgment in case No. CRB-03-17716-0202 is affirmed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENTS REVERSED IN PART AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1