[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 132.]

THE STATE EX REL. MILLER ET AL., APPELLANTS, *v.* ANTHONY ET AL., APPELLEES.

[Cite as *State ex rel. Miller v. Anthony*, 1995-Ohio-39.]

*Nuisances—Section 5, Article I of the Ohio Constitution did not preserve right to a jury trial in nuisance abatement actions—Confiscation and sale of personal property used in maintaining a nuisance and the imposition of a one-year closing are preventive measures, not penalties imposed for past criminal conduct—Evidence sufficient to establish that a nuisance exists.*

———————————

1. Section 5, Article I of the Ohio Constitution did not preserve the right to a jury trial in nuisance abatement actions.

2. The confiscation and sale of personal property used in maintaining a nuisance and the imposition of a one-year closing order pursuant to R.C. 3767.06 as well as the imposition of the tax required by R.C. 3767.08 are preventive measures, not penalties imposed for past criminal conduct. Inclusion of these provisions within the nuisance abatement framework does not transform nuisance abatement actions into legal actions to which the right to a jury trial attaches.

3. When the state offers clear and convincing evidence that felony violations of R.C. Chapter 2925 chronically occur on a parcel of property, such evidence is sufficient to establish that a nuisance exists on such property subject to abatement in accordance with R.C. 3719.10.

———————————

(No. 93-2238—Submitted February 8, 1995—Decided May 3, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-492.

———————————

**{¶ 1}** In the summer of 1991, officers of the Columbus Police Department Narcotics Bureau began investigating Phillip L. Anthony, Sr. in response to complaints from neighbors that Anthony was selling drugs from his residence at 1536 East Long Street. Pursuant to that investigation, police executed a search warrant at the house in July 1991 and found approximately seven hundred forty grams of marijuana as well as drug paraphernalia. Anthony pled guilty and was convicted of a felony drug trafficking offense as a result of the search. He was sentenced to probation.

**{¶ 2}** Neighborhood complaints of suspected drug activity at Anthony's residence continued in 1992. Specifically, neighbors living next door to Anthony at 1540 East Long Street observed numerous people visiting Anthony's house throughout the day and night. The visits usually lasted only ten or fifteen minutes. One of the neighbors reported seeing the people who entered the house passing bags to their companions when they returned to the cars on the street. On several occasions, strangers mistakenly stopped at 1540 East Long Street looking for Anthony, often late at night. The neighbors noticed the strangers going to Anthony's house when they left. The neighbors also observed students from nearby East High School loitering near the house.

**{¶ 3}** In September 1992, Columbus police officers began conducting surveillance of 1536 East Long Street. The officers verified that an unusually large number of people were frequenting the house and staying for short periods of time. The officers recognized some of the visitors as people involved in drug activities and noted that some of the vehicles were registered to people with prior criminal histories. On November 6, 1992, officers executed another search warrant at the house and found loose and packaged marijuana totaling one hundred ninety-nine grams, several guns, ammunition, a digital scale, a triple-beam scale, over $1,700 in cash, and other drug paraphernalia. Anthony had four $100 bills on his person and one officer found marijuana loosely strewn about the area where Anthony had

been standing. The neighbors stated that the activity at Anthony's residence stopped for a few days after the November search and then returned to its usual pace.

{¶ 4} On December 22, 1992, Franklin County Prosecuting Attorney Michael Miller and Columbus City Attorney Ronald J. O'Brien brought a complaint pursuant to R.C. Chapter 3767 to abate the nuisance alleged to exist at 1536 East Long Street. The complaint alleged that Anthony committed violations of R.C. Chapter 2925 while at the residence and that 1536 East Long Street constitutes a public nuisance within the meaning of R.C. 3719.10. The state requested that the trial court grant both preliminary and permanent injunctive relief and order the nuisance permanently abated. On the same day, the trial court granted an ex parte temporary restraining order pursuant to R.C. 3767.04. In accordance with R.C. 3767.04, upon service of the restraining order, police inventoried the personal property and contents of the house used in conducting or maintaining the alleged nuisance. The police returned an inventory form to the trial court containing only the words "nothing to inventory."

{¶ 5} Following a hearing on December 30, the trial court found that the state had shown that the premises constituted a nuisance and granted a preliminary injunction. At the January 19, 1993 hearing to consider the granting of a permanent injunction, Anthony objected to the proceedings, alleging, among other things, that he had a right to a jury trial. In an opinion filed February 16, the trial court held that Anthony was not entitled to a jury trial. The court declared 1536 East Long Street a public nuisance and granted the permanent injunction. The court also ordered the premises padlocked for one year and taxed Anthony $300 in accordance with R.C. 3767.06 and 3767.08, respectively. An order implementing the trial court's decision was issued on March 15.

{¶ 6} Anthony appealed to the Franklin County Court of Appeals. In a split decision, the appeals court reversed the trial court's judgment, holding that Anthony was entitled to a jury trial and that the judgment was against the manifest weight of

the evidence because the state failed to prove that a nuisance was occurring at 1536 East Long Street at the time the hearing was held or at least at the time the complaint was filed.

{¶ 7} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Michael Miller*, Franklin County Prosecuting Attorney, *Carol Hamilton O'Brien*, Assistant Prosecuting Attorney; *Ronald J. O'Brien*, Columbus City Attorney, and *Antonio B. Paat, Jr.,* Assistant City Attorney, for appellants.

*John L. Onesto*, for appellee.

*Betty D. Montgomery*, Attorney General, *Richard A. Cordray*, State Solicitor, *Simon B. Karas* and *Jeffery W. Clark*, Assistant Attorneys General, urging reversal for amicus curiae, Ohio Attorney General.

———————————

**COOK, J.**

{¶ 8} This case presents two issues for review. We first determine that no right to a jury trial attaches in a nuisance abatement action. Second, we conclude that clear and convincing evidence of chronic felony violations of R.C. Chapter 2925 on a parcel of property is sufficient to prove that R.C. 3719.10 applies to such premises. There need not be evidence that the violations are occurring either at the time a complaint is filed or at the time a hearing takes place in order for a nuisance subject to abatement to exist.

I

{¶ 9} With its first proposition of law, the state argues that the appeals court erred in holding that the right to a jury trial attached in this nuisance abatement action. In making its determination, the appeals court majority focused on Sections 5 and 12 of Article I of the Ohio Constitution. We, therefore, consider each of these constitutional mandates in turn.

4

A

Section 5, Article I of the Ohio Constitution

**{¶ 10}** Section 5, Article I of the Ohio Constitution states that "[t]he right of trial by jury shall be inviolate ***."  This court, however, has clarified that this section did not preserve the right to a jury trial in a particular cause of action unless the action is one that was recognized as a jury issue at common law. *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 661, 590 N.E.2d 737, 741.  We, therefore, address the nature of nuisance abatement actions in  the context of the common law.

**{¶ 11}** As early as 1893, the United States Supreme Court defined an abatement action as "not a common law action, but a summary proceeding more in the nature of a suit in equity ***."  *Cameron v. United States* (1893), 148 U.S. 301, 304, 37 L.Ed. 459, 460. The court went on to explain that an abatement order was "unknown to an action at common law as administered in this country."  *Id.* Similarly, we find that the nuisance abatement provisions of R.C. Chapter 3767 are equitable in nature and not created by common law.

**{¶ 12}** The state has an inherent and necessary police power which extends to the protection, health, and comfort of all persons and property within the state. *Cincinnati v. Steinkamp* (1896), 54 Ohio St. 284, 290, 43 N.E. 490, 491. All property owners are obligated to use their property in a manner that will not injure the community at large.  *Mugler v. Kansas* (1887),  123 U.S. 623, 665, 31 L.Ed. 205, 211.  The legislature may exercise its police power by authorizing the proper authorities to grant injunctions in order to prevent certain persons from allowing their property to pose a continuing detriment to public safety.  *Steinkamp*, 54 Ohio St. at 292, 43 N.E. at 491.

**{¶ 13}** The language of R.C. 3767.03 supports the conclusion that a nuisance abatement action pursuant to that statute is an equitable action arising from the state's police power.  R.C. 3767.03 reads as follows: "Whenever a nuisance

exists, *** the prosecuting attorney of the county in which the nuisance exists *** may bring *an action in equity* *** to abate the nuisance and to perpetually enjoin the person maintaining the nuisance from further maintaining it."  (Emphasis added.)

{¶ 14} Nuisance abatement actions seek injunctive relief and, as such, are governed by the same equitable principles that apply to injunctive actions generally. See, generally, *Parker v. Winnipiseogee Lake Cotton & Woolen Co.* (1863), 67 U.S. 545, 551, 17 L.Ed. 333, 337.  The United States Supreme Court has held that "a [jury] trial is not required in suits in equity brought to abate a public nuisance." *Mugler*, 123 U.S. at 673, 31 L.Ed. at 214; see, also, *Converse v. Hawkins* (1877), 31 Ohio St. 209, paragraph two of the syllabus; *Steinkamp*, 54 Ohio St. 284, 43 N.E. 490, syllabus.  Moreover, this court has explained that "[i]f the civil authorities were obliged to wait the slow process of a jury trial in [nuisance abatement actions] the evil sought to be remedied would seldom be avoided." *Steinkamp*, 54 Ohio St. at 290, 43 N.E. at 491.

{¶ 15} We, therefore, hold that Section 5, Article I of the Ohio Constitution did not preserve the right to a jury trial in nuisance abatement actions.

B

Section 12, Article I of the Ohio Constitution

{¶ 16} In finding that Anthony's right to a jury trial was violated in this action, the appeals court also considered Section 12, Article I of the Ohio Constitution which provides, "no conviction shall work *** forfeiture of estate." With regard to the foregoing provision, the appeals court majority focused on the interplay of R.C. 3767.11(A), which states that a finding of guilty "shall be conclusive against the defendant as to the existence of the nuisance in the civil action," and R.C. 3767.06(A), which requires the confiscation and sale of all personal property and contents of premises that were used in conducting the nuisance. Apparently viewing these provisions as allowing the state not only to

enjoin the nuisance, but also to impose financial penalties or forfeitures upon persons for past criminal conduct, the appeals court determined that nuisance abatement actions pursuant to R.C. 3719.10 and Chapter 3767 can no longer be considered equitable actions. We disagree.

{¶ 17} First, we address R.C. 3767.06, which provides: "If the existence of a nuisance is admitted or established ***, an order of abatement shall be included in the judgment entry ***. The order shall direct the removal from the place *** of all personal property and contents used in conducting or maintaining the nuisance *** and shall direct that [such property] be sold[.]" We note that the police who conducted the inventory of 1536 East Long Street at the time that the temporary restraining order was issued did not find any personal property or contents of the premises used in conducting the nuisance and, therefore, Anthony could not have suffered any penalty pursuant to R.C. 3767.06 in this case. However, even assuming that police had inventoried personal property at Anthony's residence that would have been subject to confiscation and sale under R.C. 3767.06, we do not find such confiscation and sale would have amounted to a penalty such that Anthony's right to a jury trial would have attached.

{¶ 18} In *Solly v. Toledo* (1966), 7 Ohio St.2d 16, 36 O.O.2d 9, 218 N.E.2d 463, paragraph one of the syllabus, this court upheld legislation "authorizing the summary abatement of public nuisances and the destruction of property used in maintaining such nuisances when reasonably necessary to effectuate their abatement." This court, however, cautioned that when an official destroys private property without either seeking a judicial determination that a public nuisance exists or at least providing the owner of the premises an administrative hearing, he bears the burden of proving that the destruction was necessary to abate the nuisance should the owner of the property sue for damages. *Id.* at paragraphs three and four of the syllabus. While the *Solly* holding suggests the importance of obtaining judicial determinations in nuisance abatement actions, it in no way suggests the

need to afford persons a jury trial. Furthermore, R.C. 3767.06 goes a step further than the ordinance involved in *Solly* in that it expressly requires that the existence of a nuisance be admitted or established in a judicial proceeding prior to the confiscation and sale of personal property. Thus, we find the confiscation and sale of property under R.C. 3767.06 without a jury trial to be constitutional. Moreover, we decline to label the confiscation and sale of personal property under this statute a "forfeiture." It is instead a remedy designed to prevent the continuation of unlawful acts rather than a punishment for unlawful activity. See *Schneider v. Commonwealth* (1929), 232 Ky. 199, 202, 22 S.W.2d 587,588.

{¶ 19} Additionally, Anthony argues that R.C. 3767.06 penalizes him by requiring that, after a nuisance is established, the court must close the premises to any purpose for one year. He reasons that while the closing order denies him the use of his home for one year, the order does not prevent him from carrying on drug activities at a different home. He, therefore, concludes that the closing requirement serves to punish him, not to abate the nuisance. We also find this argument without merit.

{¶ 20} First, Anthony underestimates the scope of the permanent injunction issued pursuant to R.C. 3767.05. The statute expressly states that the permanent injunction not only perpetually enjoins the defendant and any other persons from further maintaining a nuisance at the place that is the subject of the complaint, it also perpetually enjoins "the defendant from maintaining the nuisance elsewhere." R.C. 3767.05(D). In fact, the trial court's March 15 order expressly stated that Anthony was "permanently enjoined from maintaining the nuisance of felony drug abuse at [1536 East Long Street] or *any other premises*." (Emphasis added.) Anthony, therefore, is incorrect in his assertion that he could move down the street and resume drug activities. Furthermore, we find that the provision requiring the imposition of the closing order acts to restore safety in the area where the drug nuisance is located. The purpose of this provision is to ensure the abatement

8

through non-use of the property for one year. Thus, as the closing order aids in implementing the abatement order, we find it to be preventive, not punitive, in nature.

{¶ 21} Finally, we reject Anthony's argument that R.C. 3767.08 causes his right to a jury trial to attach in the present action. R.C. 3767.08 requires the imposition of a tax upon the nuisance and against the person maintaining the nuisance. The tax is imposed only when a permanent injunction issues and is limited to $300. The statute also requires that the court apply the tax "in payment of any deficiency in the costs of the action and abatement on behalf of the state to the extent of such deficiency after the application thereto of the proceeds of the sale of personal property." *Id.* Given the restricted application of the "tax," we hold that it should not be characterized as a penalty, but as part of the preventive measures taken by the court in abating the nuisance. The tax, therefore, is also equitable in nature.

{¶ 22} For all of the foregoing reasons, we hold that the confiscation and sale of personal property used in maintaining a nuisance and the imposition of a one-year closing order pursuant to R.C. 3767.06 as well as the imposition of the tax required by R.C. 3767.08 are preventive measures, not penalties imposed for past criminal conduct. Inclusion of these provisions within the nuisance abatement framework does not transform nuisance abatement actions into legal actions to which the right to a jury trial attaches.

II

**{¶ 23}** In its second proposition of law, the state challenges the appeals court's interpretation of R.C. 3719.10. The statute states: "Premises or real estate *** on which a felony violation of Chapter 2925. *** of the Revised Code occurs constitute a nuisance subject to abatement pursuant to Chapter 3767. of the Revised Code." (Emphasis added.) The appeals court majority found that the use of the present-tense verb "occurs" requires the state to demonstrate that a felony violation of R.C. Chapter 2925 "was occurring" at 1536 East Long Street at either the time of the filing of the complaint or the time of the hearing in order for a nuisance subject to abatement to exist. We find this interpretation unnecessarily restrictive.

**{¶ 24}** Courts are required to construe statutory wording in accordance with the rules of grammar and common usage. R.C.1.42. As Judge Bowman notes in her separate opinion below, the present tense can be used to describe habitual action. Harbrace College Handbook (12 Ed.Rev. 1994) 88. We find that the legislature intended to use the present tense in such a manner in this case. The error of the more restricted view adopted by the appeals court majority is perhaps best illustrated by the majority's inability to pinpoint whether the statute requires the state to show that the nuisance was occurring at the time of the hearing or at the time of the filing of the complaint.

**{¶ 25}** Although this court has not previously addressed this issue, existing case law has not applied R.C. 3719.10 so narrowly. In *State ex rel. Freeman v. Pierce* (1991), 61 Ohio App.3d 663, 671, 573 N.E.2d 747, 752, a case factually similar to this one, the Montgomery County Court of Appeals held that "in order to obtain an abatement order pursuant to R.C. 3719.10 and 3767.02 *et seq.*, it is necessary for the relator to prove by clear and convincing evidence that the defendant had knowledge of and either acquiesced to or participated in a felony violation of R.C. Chapter 2925 or 3719 on the property." The court further explained that a relator could use reputation evidence and evidence of convictions

arising from the premises to prove that a nuisance exists. *Id.*, 61 Ohio App.3d at 671, 573 N.E.2d at 752; see, also, R.C. 3767.05(A). Such evidence would not be relevant if it were necessary to prove that a violation was occurring at the time the complaint was filed or the hearing took place.

{¶ 26} We also do not agree with the appeals court's reliance on this court's holding in *Miller v. State* (1854), 3 Ohio St. 475, a case nearly one hundred fifty years old involving liquor nuisance abatement. Most important, R.C. 4301.73, the current successor to the statute construed in *Miller*, now clarifies that it is not necessary for a court to find that property was being unlawfully used at the time of the nuisance hearing in order for an abatement order to issue. Moreover, even though *Miller* stated that an abatement order cannot issue unless the nuisance continues to exist at the time the abatement order is made, the opinion goes on to explain that if the court is satisfied that a place is kept in order to conduct a nuisance, the abatement order may issue. *Miller*, 3 Ohio St. at 488.

{¶ 27} In this case, police searched and found marijuana and other drug paraphernalia at 1536 East Long Street twice in two years. Police received frequent complaints from neighbors concerning the property and observed suspicious activity indicative of ongoing felony drug violations at the property. Neighbors testified that the suspicious activity stopped only briefly after the November 6, 1992 raid. Given this evidence, we find that the state offered clear and convincing evidence sufficient to show that the house was kept in order to conduct a nuisance and that such nuisance was subject to abatement under R.C. 3719.10.

{¶ 28} Finally, we reject Anthony's assertion that the Ohio legislature is improperly attempting to punish criminal activity with civil laws. This court has previously held that "[w]here an injunction is necessary for the protection of public rights, property, or welfare, the criminality of the acts complained of does not bar such remedy ***." *State ex rel. Chalfin v. Glick* (1961), 172 Ohio St. 249, 15 O.O.2d 410, 175 N.E.2d 68, paragraph five of the syllabus. Moreover, a criminal

conviction would not always abate the nuisance, especially if the person convicted does not own the premises.

{¶ 29} We hold that when the state offers clear and convincing evidence that felony violations of R.C. Chapter 2925 chronically occur on a parcel of property, such evidence is sufficient to establish that a nuisance exists on such property subject to abatement in accordance with R.C. 3719.10.  To hold otherwise would be to undermine the very purpose for which that statute was created.

{¶ 30} For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the trial court's order abating the nuisance.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

————————————