DECISION
Denver and Elinor Sturgill, defendants-appellants, appeal a decision of the Franklin County Municipal Court, Environmental Division. The court granted injunctive relief to the Franklin County District Board of Health, plaintiff-appellee. We affirm.
On August 1, 1997, appellee filed a complaint against appellants requesting the trial court to grant appellee injunctive relief. Appellee claimed in its complaint that appellants owned property in Lockbourne, Ohio, and that they "failed to properly abandon the individual household sewage disposal system(s) servicing the properties and connect to the available sanitary sewerage system." Appellee requested the court to "declare the property to be a nuisance, and permanently enjoin and restrain [appellants] from maintaining said conditions and practices which specifically violate Franklin County Health Department Sanitary Regulation ("Health Reg.") 701 and Ohio Administrative Code3701-29-02. Health Reg. 701.02(M) states that "[w]henever a sanitary sewerage system becomes available to the property, the household sewage disposal system shall be abandoned and the house sewer directly connected to the sewerage system."
On March 4, 1998, the court granted appellee's request for an injunction and ordered appellants to abandon their present household sewage system and connect to the county sanitary sewer. We reversed and remanded the trial court's decision finding that the "trial court abused its discretion in failing to grant a reasonable continuance in order to retain counsel, inasmuch as appellants' previous attorney had withdrawn only the week before."The Franklin Cty. Dist. Bd. of Health v. Sturgill (Dec. 15, 1998), Franklin App. No. 98AP-379, unreported (Memorandum Decision). Upon remand, after holding a hearing, the trial court again granted appellee's request for an injunction and ordered appellants to "abandon the current household sewage disposal system" and "lawfully connect to the sanitary sewer." Appellants appeal this decision and present the following assignment of error:
 The trial court erred to the prejudice of the Defendant Appellants in hearing this case without a Jury.
Appellants argue in their assignment of error that the trial court should have allowed the present case to be heard before a jury. We disagree.
The Seventh Amendment to the United States Constitution states:
 In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.
However, the right to trial by jury in civil actions under theSeventh Amendment to the United States Constitution does not apply to state courts. Minneapolis St. Louis RR. Co. v. Bombolis
(1916), 241 U.S. 211, 217, 36 S.Ct. 595, 596; Digital AnalogDesign Corp. v. North Supply Co. (1992), 63 Ohio St.3d 657, 662, fn. 1; State ex rel. Montgomery v. Portage Landfill and Dev. Co.
(June 30, 1999), Portage App. No. 98-P-0033, unreported, fn. 2. Since the present case is a civil action, appellants do not have a right to a jury trial pursuant to the United States Constitution.
The Ohio Constitution contains a provision similar to the right to jury provision in the Seventh Amendment. Section 5, Article I, of the Ohio Constitution states: "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury." The Ohio Supreme Court has held that Section 5, Article I of the Ohio Constitution does not preserve the right to a jury trial in nuisance abatement actions. State ex rel. Miller v. Anthony (1995), 72 Ohio St.3d 132, paragraph one of the syllabus. The court stated that unless the action is one that was recognized as a jury issue at common law, "this section did not preserve the right to a jury trial."Miller, at 135. The court further reasoned that" `[i]f the civil authorities were obliged to wait the slow process of a jury trial in [nuisance abatement actions] the evil sought to be remedied would seldom be avoided.'" Id. at 136, quotingCincinnati v. Steinkamp (1896), 54 Ohio St. 284, 290. Therefore, appellants do not have a right to a jury trial in the present case pursuant to the Ohio Constitution.
Accordingly, we find that the trial court did not err in overruling appellants' request for a trial by jury. Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and KENNEDY, JJ., concur.