OPINION
Respondents-appellants, Thomas J. McDonough and Katherine A. McDonough, appeal a decision of the Mahoning County Court of Common Pleas granting relator-appellee's, City of Youngstown, application for a preliminary injunction and ordering the closure of appellants' business premises known as McDonough's Lounge.
In August 1998, Officer Robert Patton of the Youngstown Police Department and Deputy Jeff Allen of the Mahoning County Sheriff's Department began an investigation of illegal drug trafficking at McDonough's Lounge (lounge). The investigation was initiated in response to information received from confidential informants, police officers, members of the Bureau of Alcohol, Tobacco and Firearms, and complaints from neighbors, area businesses, and other bar owners in the vicinity of the lounge.
Both officers testified that the lounge had a reputation in the community as a place where buying cocaine was a regular commodity. Both officers had received information in the past that either Tom or Katherine McDonough were engaged in the trafficking of drugs at the lounge. However, during the course of their investigation and surveillance of the lounge, they never observed Tom at the lounge and only observed Katherine at the lounge on one occasion.
Instead, the investigation focused on an individual who worked at the lounge named Reynold DePaul (DePaul). The officers observed a persistent pattern of people visiting the bar for a short time and then leaving, activity the officers associated with drug trafficking. Eventually, the officers conducted controlled buys of cocaine in the lounge from DePaul.
In November 1999, the officers obtained a search warrant for the lounge. The warrant was executed and DePaul was arrested. A search of the lounge produced a large sandwich bag containing 131 "bindles" of suspected cocaine. The officers also discovered a set of keys belonging to DePaul and containing a master key to the bar.
On December 8, 1999, the trial court issued a temporary restraining order pursuant to R.C. 3767.06 which ordered closure of the lounge. The order was subsequently dissolved by the trial court on December 22, 1999.
On January 13, 2000, this matter came for a full hearing on appellee's motion for a preliminary injunction. At the hearing, both sides stipulated that appellants were guilty of maintaining a nuisance pursuant to R.C. 3719.10, which provides that real estate upon which a felony violation of Revised Code Chapter 2925 or 3719 occurs constitutes a nuisance subject to abatement under Revised Code Chapter 3767.
On January 25, 2000, the trial court ordered closure of the lounge for one year pursuant to R.C. 3767.06. Following the filing of this appeal, appellants petitioned for and were granted a stay of execution of judgment pending appeal, with certain conditions, by this court.
Appellants' sole assignment of error states:
 "THE TRIAL COURT ERRED, IN VIOLATION OF APPELLANTS' RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS, BY ORDERING THE CLOSURE OF McDONOUGH'S LOUNGE PURSUANT TO R.C. SECTION 3767.06, WHERE INSUFFICIENT EVIDENCE EXISTED TO PROVE THE APPELLANTS ACQUIESCED TO OR PARTICIPATED IN THE CONDUCT ESTABLISHING THE NUISANCE."
At the outset it must be noted that as the party asserting error, it is well recognized that appellant bears the burden of affirmatively demonstrating error by reference to matters in the record. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See, also, App.R. 16(A)(7). In this case, appellant is arguing that the trial court's decision was not supported by sufficient evidence. App.R. 9(B) states in part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Appellant has failed to supply this court with a transcript of the proceedings before the trial court or, alternatively, a statement pursuant to App.R. 9(C) or (D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. See, also, Struthers v.Harshbarger (Dec. 27, 1999), Mahoning App. No. 98 CA 253, unreported, 1999 WL 1279152.
In a proceeding on a civil complaint for maintaining a nuisance the trial court is to determine whether, without regard to the knowledge, acquiescence, or participation of the owners, the owners are guilty of maintaining a nuisance as defined in R.C. 3767.02. State ex rel. Pizzav. Rezcallah (1998), 84 Ohio St.3d 116, 132. If any owner is found guilty of maintaining a nuisance, as per the statute, the trial court shall impose an abatement order and permanent injunction in accordance with R.C. 3767.06. Id. However, if, despite a finding of guilt, the court determines that the owner acted in good faith, was innocent of any acquiescence to or participation in the conduct establishing the nuisance, and took prompt action to abate the nuisance, no closure order shall be issued under R.C. 3767.06(A) and no tax shall be imposed pursuant to R.C. 3767.09. Id.
As the party seeking injunctive relief, it was appellee's burden to prove its allegations by clear and convincing evidence. State, ex rel.Freeman, v. Pierce (1991), 61 Ohio App.3d 663, 669-670. See, also, Stateex rel. Miller v. Anthony (1995), 72 Ohio St.3d 132. "Clear and convincing evidence" has been defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In this case, appellants stipulated that they were guilty of maintaining a nuisance as defined in R.C. 3767.02. Specifically, appellants admitted that a felony violation of Revised Code Chapter 2925 had occurred on the premises of the lounge. Accordingly, the trial court found appellants guilty of maintaining a nuisance and ordered that a preliminary injunction be granted that perpetually enjoins appellants and any other person from maintaining the nuisance at the lounge and ordered abatement of the nuisance.
However, the trial court also ordered closure of the lounge for one year and imposed the statutory tax on appellants. Appellants argue that the trial court erred in this respect because they acted in good faith, were innocent of any acquiescence to or participation in the conduct establishing the nuisance, and took prompt action to abate the nuisance.
Confining our review to the limited record before us (i.e., the factual findings of the trial judge absent a transcript) and given the standard enunciated above, we turn now to the question of whether the trial court's decision in this regard was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. See, also, Gerijo, Inc.v. Fairfield (1994), 70 Ohio St.3d 223, at 226. Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and finding of facts. Gerijo, 70 Ohio St.3d at 226 (citingSeasons Coal Co., Inc. v. Cleveland [1984], 10 Ohio St.3d 77) . In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. Id. In addition, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. Kalain v. Smith
(1986), 25 Ohio St.3d 157, 162.
Appellants contend that they were innocent owners unaware that any illegal activity was transpiring at the lounge. They point to their own testimony that they were at the lounge only in the early morning and late evening to open and close the bar. They maintain that the lounge has no history of complaints concerning illegal drug activity. They also state that they have forbid DePaul from returning to the lounge and, therefore, successfully abated the nuisance.
Contrary to appellants' assertion, the trial court's decision was supported by competent, credible evidence. Both officers testified that the lounge had a reputation in the community as a place where one could easily purchase cocaine. This reputation evidence alone constitutes primafacie proof that appellants knew of or acquiesced in DePaul's drug trafficking at the lounge. R.C. 3767.05; Freeman, 61 Ohio App.3d at 672.
Other evidence also pointed towards appellants' knowledge or acquiescence. Although appellants claimed that DePaul had been hired to watch the parking lot, Officer Patton testified that during the fifteen months they conducted surveillance of the lounge he saw DePaul in the parking lot on only one or two occasions. Despite appellants' contention that they never gave DePaul keys to the lounge, the master key to the lounge was found on DePaul's key ring when he was arrested. The officers testified that DePaul demonstrated specific knowledge of the procedures for closing the lounge.
Although appellants downplayed their knowledge of and familiarity with DePaul, Mr. McDonough indicated that DePaul lived in a home that Mr. McDonough owned. Additionally, Mr. McDonough posted a $13,000 cash bond for DePaul's release.
Another important factor relied upon by the trial court was the length of the investigation. The investigation lasted approximately fifteen months. By all accounts, the lounge was a small family business which appellants had owned and operated for over 13 years. Given the size, nature, and type of business appellants were operating at the lounge and the length of the investigation, there was sufficient competent, credible evidence presented that appellants, at the very least, acquiesced in DePaul's drug activity.
The trial court as the trier of fact determined the credibility of the witnesses and had sufficient evidence before it in construing the facts as it did.
Accordingly, appellants' sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _______________ DONOFRIO, J.
Vukovich, J., dissents; see dissenting opinion
Waite, J., concurs