[Cite as *State ex rel. New Prospect Baptist Church v. Ruehlman*, 2019-Ohio-5263.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. NEW PROSPECT BAPTIST CHURCH, | : | CASE NO. C-180591 |
| | : | |
| Relator, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| HON. ROBERT P. RUEHLMAN, JUDGE, COURT OF COMMON PLEAS, HAMILTON COUNTY, OHIO, | : | |
| | | |
| Respondent. | : | |

Original Action in Mandamus and Prohibition

Judgment of the Court: Writ of Mandamus is Denied; Writ of Prohibition is Granted in Part and Denied in Part

Date of Judgment Entry: December 20, 2019

*American Civil Liberties Union of Ohio Foundation, Joseph W. Mead, Freda J. Levinson* and *David J. Carey,* for Relator,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, *Pamela J. Sears* and *Cooper D. Bowen*, Assistant Prosecuting Attorneys, for Respondent.

**MOCK, Presiding Judge.**

{¶1} This is an original action in which the relator, New Prospect Baptist Church ("New Prospect"), a local religious organization, seeks writs of prohibition and mandamus involving respondent, the Hon. Robert P. Ruehlman, a judge of the Hamilton County Court of Common Pleas.

{¶2} New Prospect seeks to prevent respondent from enforcing an August 16, 2018 permanent injunction issued under Civ.R. 65, in a nuisance action brought against the city of Cincinnati in the case numbered A-1804285 ("the underlying case"). Based on affidavits from public health and police officials, respondent found that illegal encampments by homeless persons on public rights-of-way on Third Street in downtown Cincinnati were a nuisance and constituted "a hazard to the health and safety of the general public, including those living in the illegal encampments."

{¶3} Respondent further found that, in response to its earlier temporary restraining orders, the homeless encampments were moving to other locations within the Cincinnati city limits including a community park in the city's Over-the-Rhine neighborhood. Respondent identified these encampments as a mobile and moving nuisance that also jeopardized public health and safety. Respondent then decreed that based upon its "county wide jurisdiction over encampments on public property and privately owned unlicensed parks, camps, [and] park-camps located anywhere in Hamilton County, Ohio," the Cincinnati police department and the Hamilton County Sheriff's Office were authorized to clear illegal encampments "through any lawful means necessary, including arrest for obstructions of official business in execution of this lawful order." City and county law-enforcement personnel were authorized to seize tents, other shelters, and valuables found at the

encampments. Violators of the injunction are "subject to arrest" under the court's contempt powers.

{¶4} New Prospect was never made a party to the underlying action but fears being bound by its expansive injunctive relief without notice and an opportunity to be heard. It is undisputed that the 100-year-old church observes a religious and charitable mandate to serve those in need in Cincinnati. As part of that mission New Prospect has offered its four-acre site in the Roselawn neighborhood of Cincinnati as a refuge for people experiencing homelessness.

{¶5} After New Prospect filed this petition seeking writs of mandamus or prohibition, respondent moved this court to dismiss the petition alleging that New Prospect lacked standing to maintain this action. Following oral argument on the motion, on January 24, 2019, we denied the motion and held that New Prospect has standing to proceed because it has demonstrated "an injury in fact to a legally protected interest." *See State ex rel. Matasy v. Morley*, 25 Ohio St.3d 22, 23, 494 N.E.2d 1146 (1986).

{¶6} A writ of prohibition directs a lower court to refrain from exercising authority over a matter beyond its jurisdiction. A writ of prohibition is the proper vehicle to prevent enforcement of an order against an entity that "was not served with a summons, did not appear, and was not a party." *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 15. To be entitled to a writ of prohibition, New Prospect must establish that respondent Ruehlman has or is about to exercise judicial or quasi-judicial power, that the exercise of that power is unauthorized by law, and that it lacks an adequate remedy in the ordinary course of law. *See id.* at ¶ 10; *see also State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 106, 637 N.E.2d 319 (1994).

3

{¶7} A petition seeking prohibition is a civil action. *See* Civ.R. 1(A) and 1(C). Thus it may be resolved on summary judgment. *See State ex rel. Scripps Media v. Hunter*, 1st Dist. Hamilton No. C-130241, 2013-Ohio-5895, ¶ 31. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *See* Civ.R. 56; *see also Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶8} Here, respondent has moved for summary judgment claiming that no triable issues of fact remain and that he is entitled to judgment as a matter of law. New Prospect argues that "on the undisputed and admitted facts" it is entitled to the issuance of the writs. Since both parties maintain that no genuine issues of material fact remain in dispute, this court is free to render a decision as a matter of law. *See Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO*, 93 Ohio App.3d 162, 164, 638 N.E.2d 94 (1st Dist.1994).

{¶9} It is clear that respondent has exercised judicial power in the underlying action by issuing temporary restraining orders and a permanent injunction under Civ.R. 65. New Prospect was not an original party to the underlying action. It did not become one by substitution or by intervention under Civ.R. 24. It thus lacks an adequate remedy at law against respondent's exercise of judicial authority by means of a direct appeal. Thus the sole issue remaining for resolution is whether respondent's exercise of judicial power was unauthorized by law.

{¶10} In response to respondent's motion for summary judgment, New Prospect first argues that respondent lacked jurisdiction to enter orders under Civ.R.

4

65 in the underlying action, which it characterizes as a "non-adversarial lawsuit." Relying in large part on Cincinnati Mayor John Cranley's April 5, 2019 affidavit, New Prospect claims that there were no adverse interests between the parties to the underlying action. It maintains that Mayor Cranley had invited the Hamilton County Prosecuting Attorney to file a lawsuit that culminated in the permanent injunction.[1]

{¶11} In the affidavit, the mayor acknowledges that in early August 2018, he issued a statement to area media in which he declared that illegal encampments in public rights-of-way "present[ed] a clear and present health and safety hazard to homeless individuals and the general public." In addition to the city's efforts to remedy matters, Cranley indicated that he had "asked for and ha[d] obtained the assistance of Hamilton County Prosecutor Joe Deters. Prosecutor Deters will be filing actions in state court and we will file motions in federal court." We note that this affidavit is not contained in the agreed statement of facts prepared by the parties to this original action pursuant to 1st Dist. Loc.R. 33.2.

{¶12} Nonetheless, New Prospect argues that the resulting lawsuit was one between two friendly parties who sought precisely the same outcome and remedy: to avoid matters of city policy and legislation by forbidding homeless persons from seeking shelter in tents anywhere within the city or county borders.

{¶13} "The Ohio Supreme Court has interpreted 'justiciable matter' to mean the existence of an actual controversy, a genuine dispute between adverse parties."

---

[1] We note that in May 2019, in a federal lawsuit brought by a Cincinnati homeless person challenging the constitutionality of the city's homeless-encampment policy, the United States District Court for the Southern District of Ohio permitted the plaintiff to add a claim of sham legal process against Cranley, in his official capacity as the mayor of Cincinnati. *See Phillips v. City of Cincinnati*, S.D.Ohio No. 1:18-cv-00541, 2019 WL 5577958 (May 29, 2019). The court also dismissed claims against the Cincinnati City Solicitor, and the various Hamilton County defendants, including Prosecuting Attorney Joseph T. Deters.

*Waldman v. Pitcher*, 2016-Ohio-5909, 70 N.E.3d 1025, ¶ 21 (1st Dist.), citing *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996). The dispute must be "more than a disagreement; the parties must have adverse legal interests." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 10.

{¶14} Here the agreed facts reveal that absent the consent of the city council, the mayor has no direct authority over how the city manager and the city solicitor carry out their public health and safety functions. There was disagreement between city officials and the county prosecutor as to the continued presence of the encampments and whether they presented hazards to the health and safety of the public and the homeless persons. The gravamen of the underlying action was whether the original encampments on Third Street and other areas of the city constituted a nuisance and whether the city nonetheless had allowed these encampments to continue in operation on public property. On the basis of the agreed facts, we hold that the parties to the underlying action had adverse legal interests sufficient to confer jurisdiction on the respondent to resolve a justiciable matter. That the parties often made joint recommendations of various motions to the court is only one factor in our analysis. *See Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 38, 285 N.E.2d 324 (1972) (noting that the law favors the resolution of controversies and uncertainties through compromise and settlement). And in an action seeking resolution of issues affecting public health and safety timely resolution of the matters is an important factor.

{¶15} Respondent's motion for summary judgment next argues that he is entitled to judgment as a matter of law on New Prospect's claim that the permanent injunction was overly broad because it improperly bound nonparties throughout

Hamilton County. Respondent's permanent injunction instructed law-enforcement authorities in the city and in Hamilton County to prohibit any unlicensed encampment on public or private property anywhere in Hamilton County. The injunction applies not only to the single, named party-defendant, the city of Cincinnati, but also to any nonparty attempting to provide an unlicensed location for homeless individuals to camp, including private entities like New Prospect.

{¶16} An injunction is binding upon the parties to the action and those "in active concert or participation with [parties] who receive actual notice" of the injunction. Civ.R. 65(D); *see Planned Parenthood Assoc. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 61, 556 N.E.2d 157 (1990). Nonparties may be bound to prevent a defendant from "nullify[ing] a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945). But on the stipulated facts available here, there is no evidence that New Prospect, a nonparty, was acting in concert with the city, or was aiding or abetting the city's actions. The injunctive relief is directed at the named defendant in the underlying action, a political subdivision and law-enforcement agencies in the city and the county. There is no evidence here connecting those entities with New Prospect, a nonparty, sufficient to enjoin it from future activity in furtherance of its religious and charitable mission. Thus, on the evidence adduced here, respondent was not authorized by law to enjoin New Prospect.

{¶17} The geographical scope of the permanent injunction is also problematic. Respondent relied upon considerable evidence adduced in the underlying action that the nuisance conditions created by encampments in Cincinnati constituted a mobile nuisance. After the underlying action was filed, the

original Third Street camps moved from areas proscribed by respondent's temporary restraining orders to other locations within the city. As the mobile nature of the camps became apparent, respondent expanded the area covered by the original restraining orders to include larger portions of the city.

{¶18} Ohio nuisance statutes expressly contemplate enjoining behavior constituting a mobile nuisance. R.C. 3767.05(D) permits a court to perpetually enjoin "the defendant and any other persons from further maintaining a nuisance at the place" or places that are the subject of the complaint. It also permits perpetually enjoining "the defendant from maintaining the nuisance elsewhere." R.C. 3767.05(D); *see State ex rel. Miller v. Anthony*, 72 Ohio St.3d 132, 138, 647 N.E.2d 1368 (1995). But the express language of the statute limits mobile-nuisance restrictions to defendants alone. Thus the city, a named defendant, arguably could not escape the impact of the permanent injunction within its own borders. We note that in the underlying action, the city did not raise the affirmative defense that under R.C. Chapter 2744 it was immune from a nuisance action.

{¶19} But the permanent injunction extended the geographic scope of the injunctive remedy to include the entirety of Hamilton County, including areas outside the city limits. Again, Hamilton County was not a defendant in the underlying action. There is no connection in the agreed evidence between the named defendant, the city, and the relief ordered enjoining encampments on public or private property in those portions of Hamilton County outside the city limits. Respondent's extension of its injunctive relief to areas outside the city limits was thus not authorized by law.

{¶20} Finally, respondent challenges New Prospect's contention that respondent exceeded his authority under R.C. Chapter 3767 by imposing additional

8

burdens, not required by statute, upon New Prospect, a private entity that intends to host an encampment. The injunction requires city and county law-enforcement officials to remove any existing or future unlicensed encampment located on private property in the city or the county that lacks "running water or toilet facilities and other requirements" described in Ohio Adm.Code 3701-25-01 et seq.

{¶21} But under R.C. 3729.05(A)(3), a camp operator like New Prospect who "neither intends to receive nor receives anything of value" from the camp is exempt from a host of administrative regulations including those governing fresh water and sewage disposal. The only requirement for such a camp is that "[i]f any health hazard exists," then it shall be corrected in a manner consistent with uniform rules promulgated by the state director of health under R.C. 3729.02. *Id.* Since it is undisputed that New Prospect does not intend to receive anything of value from the campers in carrying out its mission to provide care for them, respondent was not authorized by law to impose the additional requirements identified in the permanent injunction.

{¶22} We note that New Prospect claims that it has adequate facilities on its four-acre site to ensure the health of homeless campers. If New Prospect were unable to comply with the appropriate requirements, nothing in this opinion should be construed to prevent a separate nuisance action from being brought in which New Prospect would have the opportunity to appear and to contest the allegations.

{¶23} Finally, the respondent is entitled to summary judgment on New Prospect's petition for a writ of mandamus. Mandamus compels the performance of a present existing duty as to which there is a present default. *See State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343-344, 423 N.E.2d 482 (1981). Mandamus will not issue to require a judicial officer to prospectively observe the law,

9

or to remedy the anticipated nonperformance of that duty. *See id.* at 343; *see also State ex rel. Evans v. Tieman*, 157 Ohio St.3d 99, 2019-Ohio-2411, 131 N.E.3d 930. As the requested writ of mandamus seeks to control Judge Ruehlman's prospective rulings in this matter, the writ will not issue. *See State ex rel. Scripps Media v. Hunter*, 1st Dist. Hamilton No. C-130241, 2013-Ohio-5895, ¶ 71.

{¶24} In conclusion, we hold that New Prospect has established that respondent has or is about to exercise judicial power, and that it lacks an adequate remedy to the exercise of that power in the ordinary course of law. We further hold that respondent's exercise of that power in its August 16, 2018 permanent injunction is unauthorized by law to the extent that respondent seeks to enjoin actions by private nonparties, not found to be aiding or abetting a named defendant, within the city limits of Cincinnati, and by any entity outside the city limits of Cincinnati. Respondent's orders imposing additional health and safety conditions on entities like New Prospect are similarly unauthorized by law. We therefore grant the requested writ of prohibition in part and deny it in part. Respondent was authorized by law to impose its ordered injunctive relief against mobile nuisance encampments on public property within the city limits of Cincinnati.

{¶25} Because a writ of mandamus will not issue to require respondent to prospectively observe the law, we deny New Prospect's petition for a writ of mandamus.

Judgment accordingly.

**MYERS, J.,** concurs.
**HENDON, J.,** concurs in judgment only.

SYLVIA SIEVE HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.